[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. The Dissolution of the Marriage
It is found that all the allegations of plaintiff's complaint have been proven, that the marriage has broken down irretrievably, and the marriage is ordered dissolved for that reason.
II. Findings of the Court After a Review of the Evidence and the Financial Affidavits of the Parties:
CT Page 5466
Plaintiff husband has a net weekly income of $506.
Defendant wife has a net weekly income of $170.
Plaintiff and defendant are the joint owners of a house at 27 Chiltern Street, Farmington, Connecticut having a value of $315,000. Said premises are subject to a first mortgage to Eagle Federal Savings in the unpaid principal balance of $55,600 and to a second mortgage to Norma Tarka, defendant's mother in the unpaid principal balance of $313,300. The latter mortgage is presently being foreclosed.
Plaintiff and defendant are also the owners of one Eagle Federal Savings account of unknown balance.
Plaintiff also has a credit union account with a balance of $300, a 1993 Chevrolet Astro valued at $10,000, personal property of unknown value and an Associated Spring pension valued at $8,494.
Defendant in turn has a 1991 Toyota Camry with a value and loan balance of $4,200, miscellaneous personal property and household effects of unknown value, and a fleet checking account with a variable balance.
III. After reviewing all of the evidence and considering all of the factors in § 46b-81c C.G.S. this court orders that the marital estate of the parties be distributed as follows:
A. Plaintiff shall take and have:
1. 1993 Chevrolet Astro;
 2. 1/2 the value of his Associated Spring pension i.e. $4,247, (Sec. III B5);
3. 1/2 balance in Eagle Federal Savings account;
4. Entire balance in Barnes Credit Union account.
B. Defendant shall take and have:
1. 1991 Toyota Camry; CT Page 5467
 2. All miscellaneous personal and household effects including furniture and jewelry;
3. Entire balance in Fleet checking account;
 4. The entire interest in No. Chiltern Street, Farmington, Connecticut;
a. Plaintiff shall quit claim all his interest in said premises to defendant within fifteen days from date hereof. Upon plaintiff's failure to do so this transfer shall take place immediately thereafter in accordance with the provision of Sec.46b-81 C.G.S.
Defendant in turn shall hold plaintiff harmless with regard to any mortgages or other encumbrances on said premises, and also in regard to any future loss sustained by plaintiff resulting from any possible future bankruptcy of defendant.
5. One half the value of plaintiff's Associated Spring Savings pension ($4,247).
Plaintiff shall execute a Qualified Domestic Relations Order (QDRO) effecting this order.
IV. Other Orders
 A. Orders Concerning the Children
1. Custody: The parties shall have joint custody of the minor children, primary residence with defendant wife.
2. Visitation: Plaintiff husband shall have visitation every Tuesday and Thursday from 5:00 p. m. to 9:00 p. m. and every other weekend.
(a) Division of Holidays
(i) Christmas Eve and Christmas Day: The parties shall alternate having the children for the Christmas Eve and Christmas Day holidays. Beginning in 1997 the plaintiff husband shall have the right to have visitation with the children during Christmas Eve. Christmas Eve visitation shall be until 10:00 p. m. The Christmas Day visitation shall commence at 10:00 a.m. and continue until 10:30 p. m. and such other and further contact as CT Page 5468 the parties agree.
(ii) Other Holidays: The parties shall alternate the following holidays: New Year's Day, Easter, Memorial Day, July 4, Labor Day and Thanksgiving, commencing with the plaintiff husband for Easter, 1997 and alternating thereafter.
(iii) Special Days: The plaintiff husband shall have the children on Father's Day and the defendant wife shall have the children on Mother's Day.
(iv) Children's Birthdays: Both parties shall have reasonable access and opportunity to celebrate with their children on the occasion of each child's birthday.
(v) Vacations: Each party shall be entitled but not required to take two one-week vacations with the children per year, one week during the summer for each party and one week during any other vacation period, including the summer, for each party. This vacation is not meant to be interrupted by the weekend visitation. At a minimum of one month in advance the party who plans to take the one-week uninterrupted visitation shall give the other party notice in writing. The plaintiff husband shall also be entitled to have four (4), four (4) day weekend (overnight) visitations with the children throughout the year and will give defendant wife one week advance notice of such.
3. Child Support: Plaintiff husband shall pay child support to defendant wife in the amount of One Hundred Eighty-Seven ($187) Dollars per week.
4. Health Insurance: Plaintiff husband shall provide health insurance for the minor children with the parties sharing equally all unreimbursed medical expenses. The provisions of Sec. 46b-84d C.G.S. shall apply.
5. Tax Exemptions: Plaintiff shall take the younger child Alissa and defendant the older child Christopher as an exemption for federal and state income tax purposes.
6. Life Insurance: Life insurance is not listed as an asset on the financial affidavit of either party and consequently no order is made by the court on this subject. CT Page 5469
B. Orders Concerning the Parties
1. Alimony
After having reviewed all of the evidence as it relates to Sec. 46b-82 C.G.S. and after having given particular attention to contributions made by defendant's parents to her, it is ordered that plaintiff pay as alimony to defendant the sum of $60 per week until September 7, 2004 at which time the younger child of the parties shall have attained the age of nineteen years. This order shall be non-modifiable as to term only, but shall sooner terminate upon the death of either party, the remarriage of the plaintiff or her co-habitation with an unrelated male in accordance with the provisions of Sec. 46b-86b C.G.S. With reference to this order, attention is also directed to Wolfburgv. Wolfburg, 27 C.A. 396, 399-403 (1992), Anderson v. Anderson,191 Conn. 46, 55-57 (1983) and Rubin v. Rubin, 204 Conn. 224,238-239 (1987).
2. Health Insurance
The defendant shall have the right to elect COBRA coverage in plaintiff's health insurance at her own cost and expense.
3. Liabilities
The parties shall be equally responsible for the debt due M.B.N.A. in the amount of $6,600. With that exception each party shall be solely responsible for all debts listed on his or her financial affidavit and shall hold the other party harmless in that regard.
4. Counsel Fees
After reviewing all of the evidence including the financial affidavits of the parties, this court concludes and orders that no award of counsel fees be made to either party.
5. Execution of Documents
Each of the parties shall execute all documents necessary to carry out the orders of this court.
John D. Brennan Judge Trial Referee CT Page 5470